IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PITTSBURGH CORNING CORPORATION | ) | Civil Action No. 11-1406 |
| | ) | Bankruptcy No. 00-22876 (JKF) |
| Debtor. | ) | |
| | ) | |
| GARLOCK SEALING TECHNOLOGIES, LLC, | ) | Judge Nora Barry Fischer |
| | ) | |
| Appellant, | ) | ELECTRONICALLY FILED |
| v. | ) | |
| | ) | |
| PITTSBURGH CORNING CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

**<u>BRIEF OF APPELLEE, PITTSBURGH CORNING CORPORATION</u>**

**TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED ..................................................................................................................1

STANDARD OF REVIEW ..........................................................................................................1

STATEMENT OF THE CASE .....................................................................................................1

ARGUMENT .................................................................................................................................3

        A.      Garlock Has Not And Cannot Satisfy The Test For Bankruptcy Appellate Standing .................................................................................................................3

        B.      Garlock Cannot Even Meet The More Relaxed Test For Constitutional Standing .................................................................................................................4

CONCLUSION ..............................................................................................................................5

**TABLE OF AUTHORITIES**

**Cases**

*General Motors Acceptance Corp. v. Dylan (In re Dylan)*, 10 F.3d 184, 187 (3d Cir. 1993).... 3, 4

*In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 (3d Cir. 2005)..................................... 3, 4

*In re Fondiller*, 707, F.2d 441, 442 (9th Cir. 1983)........................................................................ 4

*In re Pittsburgh Corning Corp.*, 453 B.R. 570, 579 (Bankr. W.D. Pa. 2011) ............................ 1, 2

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ........................................................ 5

*Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 122 (3d Cir. 1997)....................................................................................................................... 5

*Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003) ...................... 5

*Vermont Ag. Of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2001) ............. 5

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) .......................................................................... 5

*Worth v. Seldin*, 422 U.S. 490, 498 (1975) ..................................................................................... 3

Appellee, Pittsburgh Corning Corporation ("PCC") hereby responds to the appeal, and brief in support thereof, filed by Garlock Sealing Technologies, LLC ("Garlock") in this matter.

## ISSUES PRESENTED

PCC will address only the issue of lack of standing to bring this appeal. PCC takes no position on the other issues raised by Garlock as they have no direct bearing on PCC on its bankruptcy case.

## STANDARD OF REVIEW

PCC does not dispute Garlock's statement of the standard of review.

## STATEMENT OF THE CASE

This case is an appeal by Garlock from a memorandum opinion and order (the "Opinion") denying access to certain statements filed in PCC's bankruptcy case accordance with the provisions of Bankruptcy Rule 2019 and certain orders of the Bankruptcy Court. Despite the fact that the Bankruptcy Court denied an essentially identical motion by Garlock in March 2010 [Doc. No. 7579], Garlock filed multiple motions in 2011 in several bankruptcy cases seeking the same relief, including a repeat motion in PCC's case. Although the Bankruptcy Court has repeatedly found that Garlock is not a party in interest in PCC's case and that it lacks standing to pursue the motion at issue, Garlock persists in involving PCC's estate in protracted litigation by bringing this meritless appeal.

PCC filed its bankruptcy case on April 16, 2000. Garlock has never denied that it received notice of the bar date that the Bankruptcy Court set for filing claims against PCC. *In re Pittsburgh Corning Corp.*, 453 B.R. 570, 579 (Bankr. W.D. Pa. 2011). Despite that fact, Garlock never filed a claim against PCC, never entered an appearance in the case, and never participated

in the case in any way until it filed an objection to PCC's Third Amended Plan of Reorganization late in 2009, insinuating that it possessed contribution claims against PCC. *Id*. Shortly after that, Garlock filed its first motion to obtain access to the 2019 statements. After extensive discussion and argument on the record at a hearing on January 13, 2010, the Bankruptcy Court denied that motion, but advised Garlock that it could renew its request with regard to specific 2019 statements provided that it could make some specific showing of need or cause with regard to those specific statements. [Doc. No. 7579].

Garlock filed its own bankruptcy case on June 5, 2010.

The Bankruptcy Court held confirmation hearings on PCC's Third Amended Plan in June of 2010, at which time Garlock was given an opportunity to present evidence and to attempt to establish that it was a party in interest in PCC's bankruptcy case. After considering Garlock's evidence and arguments, the Bankruptcy Court found that Garlock had never filed a claim against PCC, and that because of Garlock's bankruptcy it was unlikely that Garlock would have a claim in the future. Therefore, the Bankruptcy Court held that Garlock was not a party in interest in PCC's bankruptcy case and had no standing to object to PCC's plan of reorganization. *Pittsburgh Corning*, 453 B.R. at 579.

In early 2011, Garlock renewed its request for unlimited access to all 2019 statements filed in PCC's case as well as those filed in a number of other cases. Completely ignoring the earlier denial of its request in PCC's case, the new motion did not refer to any specific 2019 statements or offer any specific need or cause that had not been raised and ruled upon before. Ultimately, the Bankruptcy Court again found that Garlock was not a party in interest, and had not shown any harm or established justifiable need to see the 2019 statements, and again denied Garlock's motion.

Garlock has now appealed to this Court. Yet in its opening brief, it has made no attempt to explain how it satisfies the established law of this Circuit for standing to appeal an order of the Bankruptcy Court.

## ARGUMENT

### A. Garlock Has Not And Cannot Satisfy The Test For Bankruptcy Appellate Standing

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Worth v. Seldin*, 422 U.S. 490, 498 (1975). "Standing to appeal in a bankruptcy case is limited to persons aggrieved by an order of the bankruptcy court." *In re Combustion Engineering, Inc.,* 391 F.3d 190, 214 (3d Cir. 2005).

Appellate standing in the bankruptcy context is more limited than the more general standing rules addressed by Garlock in its brief. In order to appeal from a bankruptcy court order, an entity must establish that it meets the "person aggrieved" test. *General Motors Acceptance Corp. v. Dylan (In re Dylan)*, 10 F.3d 184, 187 (3d Cir. 1993); *Combustion Engineering,* 391 F.3d at 214. To meet the "person aggrieved" test, an entity must show that its pecuniary interests are directly and adversely impacted by the bankruptcy court ruling from which it is appealing. *In re Dylan* at 187; *Combustion Engineering* at 214.

The more stringent appellate standing requirement is intended to avoid unreasonable delays in bankruptcy proceedings by protracted litigation involving persons not directly affected by the bankruptcy proceedings. *Combustion Engineering* 391 F.3d at 215; *In re Fondiller*, 707, F.2d 441, 442 (9th Cir. 1983). This case presents a perfect example of the sort of unnecessary litigation the "person aggrieved" test is intended to prohibit. Even though Garlock has no claims against PCC, and even though it has not been able to show that it has any pecuniary or other legally recognizable interest in PCC's bankruptcy case, it has repeatedly

attempted to intervene in this case to pursue its own interests to the detriment of PCC and the true creditors of PCC's estate.

Garlock has no claims against PCC, and because of its own bankruptcy, it is extremely unlikely that it ever will. Garlock simply has no pecuniary interest at stake in PCC's bankruptcy case, and therefore it cannot meet the "person aggrieved" standard.

The Third Circuit's rules governing bankruptcy appellate standing have been plainly set forth in a number of cases. Garlock has not even attempted to show that it meets the standard and has offered no reason that the standard should not apply here. Therefore, the appeal must be dismissed.

### B.  Garlock Cannot Even Meet The More Relaxed Test For Constitutional Standing

The Constitution requires a party seeking to be heard demonstrate an "injury in fact" that is "concrete", "distinct and palpable" and "actual or imminent." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). A prospective or conjectural alleged "injury" cannot qualify as an "injury in fact" on which standing can be based. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003). When a party claims standing based on a threatened injury, it must show that the threatened injury is so imminent as to be "certainly impending". *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 122 (3d Cir. 1997) (quoting *Whitman*, 455 U.S. 155-158). The "actual injury" requirement is one of three "irreducible constitutional minimum" requirements for standing. The other two are a causal connection between the injury and the conduct complained of, such that the injury is "fairly trace[able] to the challenge of actions . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and a "substantial likelihood" that the requested relief will remedy

the injury in fact.  *Vermont Ag. Of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2001).

Garlock has now had several chances to show that it has an interest in PCC's bankruptcy case, and it has failed every time.  It failed on its first attempt to get access to 2019 statements.  It failed when it objected to PCC's proposed plan of reorganization.  It failed yet again in its second attempt to access the 2019 statements.  The Bankruptcy Court has certainly given Garlock ample opportunities to make its case, but Garlock has offered nothing more than highly speculative theories of how it might possibly be harmed in the future.  These unsupported theories fall far short of the constitutional requirements for standing as set forth in the cases cited above.

Therefore, even if Garlock had been able to offer some reason that the more restrictive bankruptcy appellate standing tests did not apply to this case, it still would have no standing to bring this appeal.

## **CONCLUSION**

Because Garlock has not, and cannot, demonstrate that it has any realistic likelihood of suffering any pecuniary harm as a result of the denial of its motion, this appeal should be dismissed.

/s/ David Ziegler
David Ziegler (PA ID #37527)
James J. Restivo Jr.
Douglas E. Cameron
Andrew J. Muha
Reed Smith LLP
225 Fifth Avenue
Pittsburgh PA  15222
Tel:  412 288 3026
dziegler@reedsmith.com
Counsel to Appellee, Pittsburgh Corning Corporation

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF, and also caused to be served by electronic mail a true and correct copy of the foregoing on counsel to Appellant, Garlock Sealing Technologies, LLC, as shown below.

| | |
|---|---|
| Garland S. Cassada Esquire | Arthur H. Stroyd Esquire |
| Robinson, Bradshaw & Hinson | Del Sole Cavanaugh Stroyd LLC |
| 101 North Tryon Street, STE 1900 | The Waterfront Building |
| Charlotte NC  28246 | 200 First Avenue, Ste 300 |
| gcassada@rbh.com | Pittsburgh PA  15222 |
| Counsel to Appellant | astroyd@dscslaw.com |

      /s/  *David Ziegler*
      David Ziegler