# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PITTSBURGH CORNING CORPORATION, | : | Civil Action: 11-1406 |
| | : | Bankruptcy No. 00-22876 (JKF) |
| Debtor | : | Re: D. I. 8488 |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | |
| Appellant, | : | Judge Nora Barry Fischer |
| v. | : | |
| | : | ELECTRONICALLY FILED |
| PITTSBURGH CORNING CORPORATION | : | |
| Appellee. | : | |
| IN RE: MID-VALLEY, INC., | : | Civil Action: 11-1439 |
| | : | Bankruptcy No. 03-35592 (JKF) |
| Debtor | : | Re: D. I. 2817 |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | |
| Appellant, | : | Judge Nora Barry Fischer |
| v. | : | |
| | : | ELECTRONICALLY FILED |
| MID-VALLEY, INC. | : | |
| Appellee. | : | |
| IN RE: NORTH AMERICAN REFRACTORIES COMPANY, | : | Civil Action: 11-1452 |
| | : | Bankruptcy No. 02-20198 (JKF) |
| Debtor | : | Re: D. I. 7246 |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | |
| Appellant, | : | Judge Nora Barry Fischer |
| v. | : | |
| | : | ELECTRONICALLY FILED |
| NORTH AMERICAN REFRACTORIES COMPANY, | : | |
| Appellee. | : | |

# BRIEF FOR APPELLEE,
# ROBERTA A. DEANGELIS, UNITED STATES TRUSTEE
# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .............................................. ii

JURISDICTIONAL STATEMENT ........................................ 1

STATEMENT OF THE ISSUE ............................................ 1

STATEMENT OF THE CASE ............................................ 2

   I.     Statutory Framework ............................................ 2

   II.    Statement of Facts .............................................. 3

STANDARD OF REVIEW ................................................ 5

SUMMARY OF ARGUMENT ............................................ 6

ARGUMENT .......................................................... 6

CONCLUSION ........................................................ 7

# TABLE OF AUTHORITIES

## **FEDERAL CASES**

Page

*Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir.1995) ........ 1

*Fellheimer, Eichen & Braverman P.C. v. Charter Technologies, Inc.*,
57 F.3d 1215 (3d Cir. 1995) .................................................. 5

*Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1999 WL 77963 (9th Cir. Feb. 4, 1999) ............................................................... 7

*Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d. Cir. 1989) ........................ 6

*Nagle v. Alspach*, 8 F.3d 141, 143 (3d. Cir. 1993) ............................. 6

*In re Nortel Networks, Inc.*, ___ F.3d ___, 2011 WL 6826412, at *7 (3d Cir. Dec. 29, 2011) ..... 5

*Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778 (W.D. Tenn. 1992) ......................................................... 7

*Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990) ........................... 5

*In re Trans World Airlines, Inc.*, 145 F.3d 124, 132 (3d Cir. 1998) ................. 6

*United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552 (3d Cir. 1999) .... 7

*Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312 (11th Cir. 2001) ............. 7

## **LEGISLATIVE SOURCES**

28 U.S.C. § 157(b)(1) ..................................................... 1

28 U.S.C. § 157(b)(2)(a) ................................................... 1

28 U.S.C. § 158 .......................................................... 1

28 U.S.C. § 586 .......................................................... 2

## TABLE OF CONTENTS (continued)

Page

28 U.S.C. § 589a .................................................. 3

28 U.S.C. § 1334 .................................................. 1

28 U.S.C. § 1930(a)(6) .......................................... passim

**Reports**

H.R. REP. NO. 95-595 (1977) ....................................... 2

H.R. REP. NO. 99-764 (1986) ....................................... 3

**Rules**

FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015 ......................... 3

FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019 .................... passim

FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006 ......................... 6

FEDERAL RULE OF BANKRUPTCY PROCEDURE 8010 ......................... 6

FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013 ......................... 5

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction over the underlying bankruptcy case and this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1), (b)(2)(A). This Court has jurisdiction over appeals from "final judgments, orders and decrees" of the Bankruptcy Court, pursuant to 28 U.S.C. §§ 158(a) and 1334. The Bankruptcy Court's order denying Garlock Sealing Technology, LLC's motion to intervene and to reopen the closed bankruptcy case is a final order subject to immediate appeal. *See, e.g., Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir.1995)("[T]he denial of a motion to intervene as of right is a final, appealable order"). The order was signed and entered on the docket on October 7, 2011, and a timely notice of appeal was filed on October 12, 2011.

## STATEMENT OF THE ISSUE

The United States Trustee takes no position in this appeal with respect to whether Garlock Sealing Technologies, LLC ("Garlock") may obtain Rule 2019 statements. Moreover, the United States Trustee does not oppose reopening of the closed bankruptcy case.[1] The United States Trustee files this Appellee Brief for one purpose only – to ensure that the statutory obligation of debtors in reopened bankruptcy cases to pay quarterly fees to the United States Trustee is enforced. Garlock argued in the lower court that such fees and the related requirement that debtors report their disbursements may be "waived." Those obligations then formed part of the basis for the Bankruptcy Court's decision to deny Garlock's motion to reopen the Closed Case. Garlock has not preserved on appeal its argument that the Bankruptcy Court may "waive" the Debtors' obligation to pay

---

[1] The closed case that is the subject of the United States Trustee's Appellee Brief is In re Mid-Valley, Inc., Case No. 03-35592 (JKF) and is hereinafter referred to as the "Closed Case".

-4-

quarterly fees and the related requirement under Federal Rule of Bankruptcy Procedure 2015 that the Debtor file periodic reports of disbursements. The United States Trustee therefore files this brief solely as a precautionary matter and to assist the Court should the Court require clarification of that issue, particularly given its apparent significance to the Bankruptcy Court. For purposes of this brief, the United States Trustee's statement of the issue is thus very limited: In the event that it is appropriate for this Court to address the issue on appeal of whether the Bankruptcy Court erred in declining to "waive" the Debtor's statutory requirements to pay quarterly fees in a reopened bankruptcy case under 28 U.S.C. § 1930(a)(6) and to file monthly reports setting forth their disbursements?

## STATEMENT OF THE CASE

### I.   Statutory Framework

Congress created the United States Trustee Program ("Program") to act as a "watchdog" in bankruptcy cases. *See* H.R. REP. NO. 95-595 at 88 (1977). To enable the Program to carry out this role, Congress gave the United States Trustee broad discretion regarding what kind of action to take and when. *See* 28 U.S.C. § 586(a)(3) (listing actions to be taken in supervising case administration "whenever the [United States Trustee] considers it to be appropriate"). Specifically, the United States Trustee has discretion to "tak[e] such actions as the [United States Trustee] deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and [title 28] by the debtor are properly and timely filed." *See* 28 U.S.C. § 586(a)(3)(D).

To fund the Program, Congress created in the Treasury of the United States the United States Trustee System Fund ("Fund") into which is deposited a percentage of every fee collected pursuant to 28 U.S.C. § 1930 in cases filed under Chapter 7, 11, 12, and 13. *See* 28 U.S.C. § 589a. Congress

intended the Program to be funded by users of the bankruptcy system rather than by the taxpayers. *See* H.R. REP. NO. 99-764 at 25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5238.

A major component of the Fund is the quarterly fee imposed in every Chapter 11 case pursuant to 28 U.S.C. § 1930(a)(6) ("Quarterly Fee(s)"). The amount of the Quarterly Fee is based upon the debtor's disbursements made during a calendar quarter or fraction thereof. The statute uses a sliding scale, such that the quarterly fee varies from a minimum of $325.00 per quarter (for cases with disbursements of less than $15,000.00 in a given quarter) to a maximum of $30,000.00 per quarter (for cases with disbursements that exceed $30 million in a quarter).[2] Federal Rule of Bankruptcy Procedure 2015 requires transmittal to the United States Trustee of "a statement of any disbursements made during that quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for that quarter. . . ."

## II.     Statement of Facts

The Debtor in the Closed Case filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Western District of Pennsylvania. The Bankruptcy Court ultimately confirmed the Debtor's plan and the case was eventually closed.

---

[2] 28 U.S.C. §1930(a)(6) states that "In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first. The fee shall be $325 for each quarter in which disbursements total less than $15,000; $650 for each quarter in which disbursements total $15,000 or more but less than $75,000; $975 for each quarter in which disbursements total $75,000 or more but less than $150,000; $1,625 for each quarter in which disbursements total $150,000 or more but less than $225,000; $1,950 for each quarter in which disbursements total $225,000 or more but less than $300,000; $4,875 for each quarter in which disbursements total $300,000 or more but less than $1,000,000; $6,500 for each quarter in which disbursements total $1,000,000 or more but less than $2,000,000; $9,750 for each quarter in which disbursements total $2,000,000 or more but less than $3,000,000; $10,400 for each quarter in which disbursements total $3,000,000 or more but less than $5,000,000; $13,000 for each quarter in which disbursements total $5,000,000 or more but less than $15,000,000; $20,000 for each quarter in which disbursements total $15,000,000 or more but less than $30,000,000; $30,000 for each quarter in which disbursements total more than $30,000,000. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed."

Garlock is a chapter 11 debtor in the Western District of North Carolina. Garlock filed three motions in the Closed Case: (i) a motion seeking access to the Rule 2019 statements (the "Rule 2019 Motions"); (ii) a motion seeking to intervene so that Garlock would have standing to pursue the Rule 2019 Motions; and (iii) a motion to reopen the Closed Case so that the Court can consider this matter (the "Motion to Reopen").

The United States Trustee filed a limited objection (the "Objection") to the Motion to Reopen because Garlock's proposed order sought a waiver of the obligations to pay Quarterly Fees and to file the related statements of disbursements in the reopened Chapter 11 cases. The United States Trustee did not oppose reopening the case, just the "waiver" that Garlock sought in its proposed order.

At the hearing on the Motion to Reopen, Garlock argued that " . . . we don't believe that there's any need for the payment of United States Trustee's fees if the cases are opened for the purpose of permitting access," but Garlock cited no cases supporting its argument. *See* Hr'g Tr. at 53-54, 94-97 (March 28, 2011). The United States Trustee argued in support of her Objection that debtors in any reopened cases are responsible for the payment of Quarterly Fees under 28 U.S.C. § 1930(a)(6). *See* Hr'g Tr. at 94-97 (March 28, 2011). The Bankruptcy Court denied the Motion to Reopen and found that the consequences to the debtor of reopening the cases would be "enormous." Opinion, at 9-10. Among other adverse consequences of reopening the case, the Court listed the "administrative burdens in complying with Bankruptcy Code filing requirements regarding operating reports and disclosure of information, and United States Trustee and expenses attendant to the bankruptcy system." Such consequences "cannot be justified in these circumstances where Garlock did not appear or participate while the cases were open and active and did not seek redress to the

2019s during the life of the cases . . . For these reasons, and because Garlock has no standing, there is no basis to reopen the closed cases and the motion to reopen is denied." *Id.* at 10.

On October 7, 2011, the Bankruptcy Court entered the order denying the three motions filed by Garlock. Garlock timely filed its notices of appeal on October 12, 2011. On October 26, 2011, Garlock filed its statement of the issues on appeal. One of the five issues listed by Garlock is whether the Bankruptcy Court erred in denying the Motions to Reopen. Garlock, however, did not raise the issue of whether debtors in reopened cases must pay Quarterly Fees under 28 U.S.C. § 1930, nor did Garlock raise the issue of whether debtors should be required to file the periodic statements of disbursements. Similarly, Garlock has not raised or otherwise argued such issues in its Brief of Appellant.

## **STANDARD OF REVIEW**

This Court conducts a *de novo* review of the bankruptcy court's legal findings. *See, e.g., Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990); *In re Nortel Networks, Inc.*, ___ F.3d ___, 2011 WL 6826412, at *7 (3d Cir. Dec. 29, 2011). The bankruptcy court's findings of fact, however, will not be set aside unless they are either "completely devoid of minimum evidentiary support displaying some hue of credibility or bear [ ] no rational relationship to the supportive evidentiary data." *Fellheimer, Eichen & Braverman P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995); *see also* Fed. R. Bankr. P. 8013 ("[F]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

## SUMMARY OF THE ARGUMENT

Garlock has not raised the Quarterly Fee issue in its statement of the issues on appeal or in its Brief of Appellant. Consequently, Garlock has not preserved the Quarterly Fee issue on appeal. In the event that the Court nonetheless finds it necessary to consider the issue, the Court should hold that the payment of Quarterly Fees in a re-opened, and therefore pending case, are statutorily mandated by operation of 28 U.S.C. § 1930(a)(6) and that neither the fees nor the related reporting requirement can be "waived."

## ARGUMENT

Garlock has not preserved the issue of whether the Quarterly Fees or the related reporting requirement can be "waived" in any reopened cases. To preserve an issue on appeal, an appellant must state the issue as one to be determined on appeal and then argue the issue in the appellant's brief. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 132 (3d Cir. 1998); *Nagle v. Alspach*, 8 F.3d 141, 143 (3d. Cir. 1993); *Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d. Cir. 1989); *see also* Fed. R. Bankr. P. 8006 (requiring statement of issues on appeal); Fed. R. Bankr. P. 8010 (requiring argument section of appellant's brief to contain contentions of appellant).

Should the Court conclude that it is nonetheless appropriate to address the issue of Quarterly Fees, the Court should hold that the requirement to pay the Quarterly Fees is statutorily mandated and cannot be "waived." Pursuant to 28 U.S.C. § 1930(a)(6), Quarterly Fees must be paid to the United States Trustee "in each case under chapter 11 of title 11 for each quarter (including any fraction thereof). . . ." Quarterly Fees are calculated upon "disbursements," and range from a minimum of $325 when disbursements total less than $15,000 to a maximum of $30,000 when disbursements total $30 million or more. If the above case is reopened, the Debtor would be

obligated to pay Quarterly Fees in the open case, until it is again closed by final decree, converted, or dismissed.[3] *See United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552, 554 (3d Cir. 1999); *Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312, 1314 (11th Cir. 2001); *Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1999 WL 77963 (9th Cir. Feb. 4, 1999); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779 (W.D. Tenn. 1992).

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to affirm the Bankruptcy Court's order with respect to the Quarterly Fees.

Respectfully submitted,

**ROBERTA A. DEANGELIS**
**United States Trustee for Region 3**

By: /s/ Kathleen Robb
PA ID 35747

| | |
|---|---|
| RAMONA D. ELLIOTT<br>General Counsel | JOSEPH S. SISCA<br>Assistant U.S. Trustee |
| NAN R. EITEL<br>Associate General Counsel | KATHLEEN ROBB<br>Trial Attorney |
| PAUL W. BRIDENHAGEN<br>Trial Attorney<br>Executive Office for United States Trustees<br>Department of Justice<br>20 Massachusetts Ave, NW<br>Washington, DC 20530<br>Phone: (202) 307-1399<br>Fax: (202) 307-2397 | Department of Justice<br>Suite 960, Liberty Center<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222<br>Phone: (412) 644-4756<br>Fax: (412) 644-4785 |

---

[3] In a similar fashion, Garlock was obligated to pay the fees to the Clerk of the U. S. Bankruptcy Court to re-open each and every case. See, http://www.deb.uscourts.gov/.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PITTSBURGH CORNING CORPORATION,<br>　　　　Debtor | Civil Action: 11-1406<br>Bankruptcy No. 00-22876 (JKF)<br>Re: D. I. 8488 |
| GARLOCK SEALING TECHNOLOGIES, LLC,<br>　　　　Appellant,<br>　　v.<br>PITTSBURGH CORNING CORPORATION<br>　　　　Appellee. | Judge Nora Barry Fischer<br><br>ELECTRONICALLY FILED |
| IN RE: MID-VALLEY, INC.,<br>　　　　Debtor | Civil Action: 11-1439<br>Bankruptcy No. 03-35592 (JKF)<br>Re: D. I. 2817 |
| GARLOCK SEALING TECHNOLOGIES, LLC,<br>　　　　Appellant,<br>　　v.<br>MID-VALLEY, INC.<br>　　　　Appellee. | Judge Nora Barry Fischer<br><br>ELECTRONICALLY FILED |
| IN RE: NORTH AMERICAN REFRACTORIES COMPANY,<br>　　　　Debtor | Civil Action: 11-1452<br>Bankruptcy No. 02-20198 (JKF)<br>Re: D. I. 7246 |
| GARLOCK SEALING TECHNOLOGIES, LLC,<br>　　　　Appellant,<br>　　v.<br>NORTH AMERICAN REFRACTORIES COMPANY,　　Appellee. | Judge Nora Barry Fischer<br><br>ELECTRONICALLY FILED |

**CERTIFICATE OF SERVICE**

I certify that on January 13, 2012, I caused to be served a copy of the Brief for Appellee, Roberta A. DeAngelis, United States Trustee via email or first class United States Mail (postage prepaid) to the following person(s) listed on the service list annexed hereto.

Arthur H. Stroyd, Jr.
Matthew T. Logue
Del Sole Cavanaugh Stroyd LLC
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, PA 15222

Garland S. Cassada
Richard C. Wolf, Jr.
Robinson, Bradshaw & Hinson PA
101 North Tryon Street, Suite 1900
Charlotte NC 28246

Kevin E. Irwin
Jennifer J. Morles
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

Gregory W. Werkheiser
Matthew B. Harvey
Morrisn, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347

Scott J. Leonhardt
Frederick B. Rosner
The Rosner Law Group LLC
824 Market Street, Suite 810
Wilmington, DE 19801

Mark D. Collins
Jason Madron
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Debra Dandeneau
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Jeffrey N. Rich
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022

Daniel J. DeFranceschi
Jason M. Madron
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mark Minuti
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801

David G. Heiman
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James Donley
Adam Paul
Kirkland & Ellis LLP
300 North LaSalle Drive
Chicago, IL 60654

Rosalie J. Bell
Pittsburgh Corning Corporation
800 Presque Isle Drive
Pittsburgh, PA 15239-2799

Peter J. Ashcroft
Bernstein Law Firm PC
Suite 2200 Gulf Tower
Pittsburgh, PA 15219

Laura Davis Jones
Curtis A. Hehn
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899

Kevin T. Lantry
Sally S. Neely
Jeffrey E. Bjork
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-6000

Gregory M. Gordon
Daniel P. Winikka
Jones Day
227 North Harwood Street
Dallas, TX 75201-1515

Adam H. Isenberg
Saul Ewing LLP
Centre Square Weset
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Brad B. Erens
Jones Day
777 West Wacker Drive
Chicago, IL 60601

Davie Ziegler
James J. Restivo
Douglas E. Cameron
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Michael G. Znic
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Sander L. Esserman
David A. Klinger
David J. Parsons
Cliff I. Taylor
Stutzman Bromberg Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201

Ellen C. Brotman
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

Natalie D. Ramsey
Laurie A. Krepto
Montgomery McCracken Walker & Rhoads LLP
1105 North Market Street, Suite 1500
Wilmington, DE 19801

Joseph F. Rice
John Baden
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464


/s/Richard L. Schepacarter
Richard L. Schepacarter
Trial Attorney