IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PITTSBURGH CORNING CORPORATION, | : | Civil Action No. 11-1406 |
| Debtor. | : | Bankruptcy No. 00-22876 (JKF) |
| | : | |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | Judge Nora Barry Fischer |
| Appellant, | : | <u>ELECTRONICALLY FILED</u> |
| v. | : | |
| PITTSBURGH CORNING CORPORATION, | : | |
| Appellee. | : | |
| IN RE: MID-VALLEY, INC., | : | Civil Action No. 11-1439 |
| Debtor. | : | Bankruptcy No. 03-35592 (JKF) |
| | : | |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | Judge Nora Barry Fischer |
| Appellant, | : | |
| v. | : | <u>ELECTRONICALLY FILED</u> |
| MID-VALLEY, INC., | : | |
| Appellee. | : | |
| IN RE: NORTH AMERICAN REFRACTORIES COMPANY, | : | Civil Action No. 11-1452 |
| Debtor. | : | Bankruptcy No. 02-20198 (JKF) |
| | : | |
| GARLOCK SEALING TECHNOLOGIES, LLC, | : | Judge Nora Barry Fischer |
| Appellant, | : | |
| v. | : | <u>ELECTRONICALLY FILED</u> |
| ARMSTRONG WORLD INDUSTRIES, et al., | : | |
| Appellees. | : | |

APPENDEX TO BRIEF OF APPELLEES KAZAN, MCCLAIN, LYONS,
GREENWOOD & HARLEY, WATERS & KRAUS LLP, SIMMONS
BROWDER GIANARIS ANGELIDES & BARNERD LLC, BERGMAN,
DRAPER & FROCKT, GORI, JULIAN & ASSOCIATES, P.C.,
EARLY, LUCARELLI, SWEENEY & STRAUSS, COONEY & CONWAY,
LIPSITZ & PONTERIO, LLC, BIFFERATO LLC,
AND MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP,
IN OPPOSITION TO GARLOCK SEALING TECHNOLOGIES, LLC'S
ACCESS TO 2019 STATEMENTS FILED IN THE
<u>UNITED STATES BANKRUPTCY COURT</u>

## INDEX

1. 11 U.S.C. §107

2. 11 U.S.C. § 350

3. 28 U.S.C. § 158

4. Federal Rule of Bankruptcy Procedure 2019

5. Federal Rule of Bankruptcy Procedure 5010

                                             **MONTGOMERY, MCCRACKEN,**
                                               **WALKER & RHOADS, LLP**

Dated: January 13, 2012          /s/ Natalie D. Ramsey
                                         Natalie D. Ramsey (PA 41412)
                                         Ellen C. Brotman (PA 71775)
                                         Davis Lee Wright (PA 90926)
                                         123 S. Broad Street
                                         Philadelphia, PA  19109
                                         Telephone:   (215-772-1500)
                                         Facsimile:    (215-772-7620)
                                         *Counsel to the above-named firms*

# TAB 1

Westlaw.

11 U.S.C.A. § 107                                                                                           Page 1

C

**Effective: December 22, 2010**

United States Code Annotated Currentness
  Title 11. Bankruptcy (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)
      →→ § 107. Public access to papers

(a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--

  (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

  (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

(c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

  (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

  (B) Other information contained in a paper described in subparagraph (A).

(2) Upon ex parte application demonstrating cause, the court shall provide access to information protected pursuant to paragraph (1) to an entity acting pursuant to the police or regulatory power of a domestic governmental unit.

(3) The United States trustee, bankruptcy administrator, trustee, and any auditor serving under section 586(f) of title 28--

  (A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and

  (B) shall not disclose information specifically protected by the court under this title.

CREDIT(S)

(Pub.L. 95-598, Nov. 6, 1978, 92 Stat. 2556; Pub.L. 109-8, Title II, §§ 233(c), 234(a), (c), Apr. 20, 2005, 119 Stat.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

74, 75; Pub.L. 111-327, § 2(a)(5), Dec. 22, 2010, 124 Stat. 3557.)

2005 Acts. Amendments by Pub.L. 109-8 effective, except as otherwise provided, 180 days after April 20, 2005, and inapplicable with respect to cases commenced under Title 11 before the effective date, see Pub.L. 109-8, § 1501, set out as a note under 11 U.S.C.A. § 101.

Current through P.L. 112-54 (excluding P.L. 112-40) approved 11-12-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

# TAB 2

Westlaw.

11 U.S.C.A. § 350 Page 1

C

**Effective:[See Text Amendments]**

United States Code Annotated <u>Currentness</u>
  Title 11. Bankruptcy <u>(Refs & Annos)</u>
    <u>Chapter 3</u>. Case Administration <u>(Refs & Annos)</u>
      <u>Subchapter III</u>. Administration
        →→ **§ 350. Closing and reopening cases**

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

CREDIT(S)

(<u>Pub.L. 95-598</u>, Nov. 6, 1978, 92 Stat. 2569; <u>Pub.L. 98-353, Title III, § 439</u>, July 10, 1984, 98 Stat. 370.)

Current through P.L. 112-54 (excluding P.L. 112-40) approved 11-12-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# TAB 3



28 U.S.C.A. § 158								Page 1

▷

**Effective: December 22, 2010**

United States Code Annotated Currentness
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part I. Organization of Courts (Refs & Annos)
      Chapter 6. Bankruptcy Judges (Refs & Annos)
        →→ § 158. Appeals

(a) The district courts of the United States shall have jurisdiction to hear appeals [FN1]

  (1) from final judgments, orders, and decrees;

  (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

  (3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

(b)(1) The judicial council of a circuit shall establish a bankruptcy appellate panel service composed of bankruptcy judges of the districts in the circuit who are appointed by the judicial council in accordance with paragraph (3), to hear and determine, with the consent of all the parties, appeals under subsection (a) unless the judicial council finds that--

  (A) there are insufficient judicial resources available in the circuit; or

  (B) establishment of such service would result in undue delay or increased cost to parties in cases under title 11.

Not later than 90 days after making the finding, the judicial council shall submit to the Judicial Conference of the United States a report containing the factual basis of such finding.

(2)(A) A judicial council may reconsider, at any time, the finding described in paragraph (1).

(B) On the request of a majority of the district judges in a circuit for which a bankruptcy appellate panel service is established under paragraph (1), made after the expiration of the 1-year period beginning on the date such service is established, the judicial council of the circuit shall determine whether a circumstance specified in subparagraph (A) or (B) of such paragraph exists.

(C) On its own motion, after the expiration of the 3-year period beginning on the date a bankruptcy appellate panel service is established under paragraph (1), the judicial council of the circuit may determine whether a circumstance

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

specified in subparagraph (A) or (B) of such paragraph exists.

**(D)** If the judicial council finds that either of such circumstances exists, the judicial council may provide for the completion of the appeals then pending before such service and the orderly termination of such service.

**(3)** Bankruptcy judges appointed under paragraph (1) shall be appointed and may be reappointed under such paragraph.

**(4)** If authorized by the Judicial Conference of the United States, the judicial councils of 2 or more circuits may establish a joint bankruptcy appellate panel comprised of bankruptcy judges from the districts within the circuits for which such panel is established, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.

**(5)** An appeal to be heard under this subsection shall be heard by a panel of 3 members of the bankruptcy appellate panel service, except that a member of such service may not hear an appeal originating in the district for which such member is appointed or designated under section 152 of this title.

**(6)** Appeals may not be heard under this subsection by a panel of the bankruptcy appellate panel service unless the district judges for the district in which the appeals occur, by majority vote, have authorized such service to hear and determine appeals originating in such district.

**(c)(1)** Subject to subsections (b) and (d)(2), each appeal under subsection (a) shall be heard by a 3-judge panel of the bankruptcy appellate panel service established under subsection (b)(1) unless--

  **(A)** the appellant elects at the time of filing the appeal; or

  **(B)** any other party elects, not later than 30 days after service of notice of the appeal;

to have such appeal heard by the district court.

**(2)** An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

**(d)(1)** The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

**(2)(A)** The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that--

  **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

  **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

  **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

**(B)** If the bankruptcy court, the district court, or the bankruptcy appellate panel--

**(i)** on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or

**(ii)** receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A);

then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).

**(C)** The parties may supplement the certification with a short statement of the basis for the certification.

**(D)** An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

**(E)** Any request under subparagraph (B) for certification shall be made not later than 60 days after the entry of the judgment, order, or decree.

CREDIT(S)

(Added Pub.L. 98-353, Title I, § 104(a), July 10, 1984, 98 Stat. 341; amended Pub.L. 101-650, Title III, § 305, Dec. 1, 1990, 104 Stat. 5105; Pub.L. 103-394, Title I, §§ 102, 104(c), (d), Oct. 22, 1994, 108 Stat. 4108-4110; Pub.L. 109-8, Title XII, § 1233(a), Apr. 20, 2005, 119 Stat. 202; Pub.L. 111-327, § 2(c)(1), Dec. 22, 2010, 124 Stat. 3563.)

[FN1] So in original.

2005 Acts. Except as otherwise provided, amendments by Pub.L. 109-8 effective 180 days after April 20, 2005, and inapplicable with respect to cases commenced under Title 11 before the effective date, see Pub.L. 109-8, § 1501, set out as a note under 11 U.S.C.A. § 101.

Current through P.L. 112-54 (excluding P.L. 112-40) approved 11-12-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

# TAB 4



Federal Rules of Bankruptcy Procedure, Rule 2019                                                                                           Page 1



United States Code Annotated Currentness
  Bankruptcy Rules (Refs & Annos)
    Part II. Officers and Administration; Notices; Meetings; Examinations; Elections; Attorneys and Accountants
      → → **Rule 2019. Disclosure Regarding Creditors and Equity Security Holders in Chapter 9 and Chapter 11 Cases**

(a) Definitions

In this rule the following terms have the meanings indicated:

**(1)** "Disclosable economic interest" means any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest.

**(2)** "Represent" or "represents" means to take a position before the court or to solicit votes regarding the confirmation of a plan on behalf of another.

(b) Disclosure by Groups, Committees, and Entities

**(1)** In a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

**(2)** Unless the court orders otherwise, an entity is not required to file the verified statement described in paragraph (1) of this subdivision solely because of its status as:

  **(A)** an indenture trustee;

  **(B)** an agent for one or more other entities under an agreement for the extension of credit;

  **(C)** a class action representative; or

  **(D)** a governmental unit that is not a person.

(c) Information Required

The verified statement shall include:

  **(1)** the pertinent facts and circumstances concerning:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(A) with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act; or

(B) with respect to an entity, the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged;

(2) if not disclosed under subdivision (c)(1), with respect to an entity, and with respect to each member of a group or committee:

(A) name and address;

(B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed; and

(C) with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the date of acquisition by quarter and year of each disclosable economic interest, unless acquired more than one year before the petition was filed;

(3) if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:

(A) name and address; and

(B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement; and

(4) a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders.

(d) Supplemental Statements

If any fact disclosed in its most recently filed statement has changed materially, an entity, group, or committee shall file a verified supplemental statement whenever it takes a position before the court or solicits votes on the confirmation of a plan. The supplemental statement shall set forth the material changes in the facts required by subdivision (c) to be disclosed.

(e) Determination of Failure to Comply; Sanctions

(1) On motion of any party in interest, or on its own motion, the court may determine whether there has been a failure to comply with any provision of this rule.

(2) If the court finds such a failure to comply, it may:

(A) refuse to permit the entity, group, or committee to be heard or to intervene in the case;

(B) hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(C) grant other appropriate relief.

CREDIT(S)

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 26, 2011, eff. Dec. 1, 2011.)

Amendments received to 11-1-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

# TAB 5



Federal Rules of Bankruptcy Procedure, Rule 5010 Page 1

C

United States Code Annotated Currentness
 Bankruptcy Rules (Refs & Annos)
  Part V. Bankruptcy Courts and Clerks
   →→ **Rule 5010. Reopening Cases**

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

CREDIT(S)

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991.)

Amendments received to 11-1-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT